BENJAMIN FISK *v.* JOHN HERRICK.

CHITTENDEN,
January,
1838,

Where a declaration on book is filed as an offset to a suit pending in the County Court, and exceptions are taken to the decision of the County Court, accepting the report of the auditor, such decision is an interlocutory judgment, and the exceptions cannot be carried to the Supreme Court until after a final judgment shall have been rendered in the original action; and if an entry of such exceptions is made in the Supreme Court, it will be treated as a mis-entry.

THE facts, in this case, sufficiently appear from the opinion of the Court, delivered by

WILLIAMS, C. J.—This case is prematurely brought on to the docket.

Before any cause can be brought from the County Court to this court, there must be a final judgment of the County Court-therein, which may be reversed or affirmed. Cases, brought here upon exceptions, have been treated like writs of error. In the present case, Herrick instituted a writ against Fisk, which is still before the County Court. Fisk, having a demand on book against Herrick, filed his declaration in pursuance of the 93d section of the Judiciary act, and on the trial, upon that declaration, the exceptions were filed, which are now presented here. The object of such declaration is only to liquidate an unliquidated account, to enable the defendant to plead the same in offset, and must be filed, because the mode of trial to recover a balance, due on book, is different from the mode of trial in other cases ;—the one to be adjusted by the auditor, and the other by the Court and Jury. It is, nevertheless, but a plea to, and part of the original action, and no final judgment can be rendered thereon, except on the trial of the original action. The judgment rendered by the County Court, in accepting the report of the auditor, in the case under consideration, was but an interlocutory judgment, and any exceptions thereto must remain with the County Court and cannot be here re-examined, until there is a final judgment in the case of Herrick against Fisk.

This case should, therefore, not have been entered on the docket of this Court and will be treated as a mis-entry.